Good afternoon, Your Honors. My name is Thomas Dreyer. I represent Michael Bancroft. He's the appellant in docket number 08-3275 and the cross appellee in docket number 08- One of the things before we start, Michael, if you'd not start the time yet, we appreciate what you're going through here, and we want to thank you for the work that you've done on this. It is a difficult matter, and from what we have seen with regard to your briefing, you've done a good job under a lot of stress. Michael Bancroft Thank you, sir. I would like to reserve two minutes for a rebuttal. Your Honors, the main argument is one of statutory construction. Mr. Bancroft was convicted by a jury of two counts of violating 18 U.S. Code, Section 115A1B, which discusses a threat made to assault, kidnap, or murder several different categories of prospective victims. Your Honors, the title of- Justice Breyer Any other appellate court, any circuit court that has said the word official as used in Section 115 means only federal officers. I know we have two lower court- I have not found any. Michael Bancroft I have not, Your Honor. After I got the notice to appear here today, I went on Westlaw and was unable to find any appellate cases one way or the other. Justice Breyer The second thing I wanted to bring up was mentioned in the lower court opinion, and that was the 1983 conference report that said that Section 115 was designed to cover attacks on family members of all persons listed in Section 114. Were you familiar with that? Did you pick up on that? Michael Bancroft I did, sir. Justice Breyer Why wouldn't that give us a window into the intent of Congress? Michael Bancroft Because there's other sections within that same report that talk about that this statute is directed solely to high-ranking federal officials, and the thought was that- Justice Breyer Well, there is a separate part for- no, go ahead. It doesn't really say solely. I know it said this is directed at, but I thought it- I think you could read the whole thing as saying, all right, it is directed toward protecting threats against highfalutin officials, but later it said all persons, I thought. Michael Bancroft That's correct, Your Honor. That's in the report. Justice Breyer Why- other than that argument, why wouldn't we look to that? Michael Bancroft Well, I think the wording of the two particular statutes in question describe a distinction between the victims that the statutes are intended to reach. The titles of the two statutes clearly have distinct words and phrases used, and I think- very broadly written, but it says that it only applies if they're performing official duties. What do we make of that? Would the janitor sweeping the floor be performing an official duty? Justice Breyer Well, that's what Judge Bailson ruled, and that was his example, and he ruled that no, that statute is not meant to reach the janitor in the performance of his official janitorial duties. Michael Bancroft But let's- could it be? I mean, could that be an official duty? What's- than being an official? Justice Breyer That's a good question, Your Honor. I mean, one's an adjective and one's a noun. Michael Bancroft Yeah. Justice Breyer And the titles of the statutes use the word as a noun. Obviously, the intention with the official duties is to allow the state courts to prosecute threats made to government employees who were not doing their official duties at the time the threat is made. But it's the defense argument that 15- I'm sorry, 115A1B does not reach each and every federal employee. If it did, then most of the different classifications that are listed in that subdivision would be superfluous. Michael Bancroft Let me ask you something else. Suppose we equated officials- it means only officials, okay- with officers. Isn't a federal agency supervisor an official? I'm talking about, you know, the- Justice Breyer Ms. Tonic. Michael Bancroft Tonic, yeah. She was count too. Justice Breyer Your Honor, it would be the defense argument that she does not qualify as an official. Michael Bancroft Why not? Justice Breyer Yeah, I mean, she's a supervisor. She's a  Michael Bancroft She's a supervisor. She doesn't make policy, Your Honor. She basically implements the policy that's been established by the Social Security Administration. She doesn't make that policy. Although she is the head of this particular branch office of the SSA, she certainly doesn't have the ability to make policy. And she basically does what she is told, just like the claim rep and the service rep, the other two employees who were in charge of the SSA. Justice Breyer Okay. Michael Bancroft Well, who would? The SSA as a whole or Congress then? Justice Breyer I guess the administrators in the national office would be considered officials. Michael Bancroft People who can adopt rules. You're saying it has to be rulemaking to be policy? Justice Breyer Well, I don't know really where to draw the line. I think that would be up to the United States Congress to draw the line at some point. But I think it certainly, it's our argument that Ms. Tonic does not qualify as an official in the circumstances of this particular case. And certainly Ms. Crystal Robinson, who is simply a service rep who answers the telephone and has contact with people on those phone calls and when people come into the office, certainly would not be considered an official as well. Justice Breyer Well, if an official is someone who does official duties, that is, the duties that are prescribed for that particular office, isn't that a fairly broad term that could comprise not just officers, but also employees in certain circumstances? Michael Bancroft The term official or the term as a noun or as an adjective? Justice Breyer As a noun. Michael Bancroft No, I don't think so. As an adjective, yes, but not as a noun. Justice Breyer Well, I mean, I would think the, I mean, an official is someone who does official duties. Officers do official duties and employees do official duties. Michael Bancroft Correct. Justice Breyer If that's the case, then you, when they use officials in 115 and cross-reference 1114, and 1114 uses officers and employees, that would seem to seal the deal for the analysis that it sounds, the concession that sounds like you just made, that officials can be doing, anyone who does an official duty. And that would get us back to the janitor, and that would get us Michael Bancroft Doing an official duty. Justice Breyer Suggesting that every employee of the United States government is a victim that can be reached and is protected by 115. And if that were true, then why does the statute say, a United States official, a United States judge, a federal law enforcement officer, what would be the reason to have those three distinct categories of victims if all employees are reached by this particular statute? Michael Bancroft Well, 1114 says that any officer or employee of the United States or any agency in any branch of the United States government, while such officer or employee is engaged in or on account of performance of official duties. Justice Breyer It does. Michael Bancroft That's, what you've got here is, 1114 used to be a very long statute. And it covered this one, and you can just see somebody, the agency calling up and saying, I want to be included. I want to be included. And so finally they just did a catch-all. Justice Breyer They did. It was about a page and a half of individual descriptions. Michael Bancroft And now you've got it down to something very short and sweet. And it says, employees, why don't we have the cross-reference from 115 to 11, I'm sorry, 115 cross-references in subsection 4, 1114, 1114. And that uses employees. Isn't that just the end of the discussion? Justice Breyer Well, it would be if 115 used the word employee, but it doesn't. Michael Bancroft Why does it have to? It cross-references. Initially it was put in there because no one wanted to put in subsection 4 that huge list. And that's what drafters do. They cross-reference so they don't have to repeat it all. Justice Breyer Well, I think the words are not that clear, Your Honor. I mean, we have official. We have officer. We have employee. Michael Bancroft What's unclear about employees engaged in official duties, which is what 1114 says? Justice Breyer And we can see that these three or these two employees were engaged in official duties. Don't dispute that. It's the dispute as to the language and the statutory construction. I mean, you've got to say somehow officials can only mean officers. And what support? I mean, obviously you do have some support because the Fenton case from 1998 is a thorough, comprehensive opinion and it does support it.  Michael Bancroft And it's the only district court case we have to go on so far. Justice Breyer How about Williams? How about what the Tenth Circuit had to say in the United States v. Williams with a somewhat similar statute? Michael Bancroft I'm not familiar with that case, Your Honor. Justice Breyer You're not familiar with United States v. Williams? Michael Bancroft No, sir. Justice Breyer The 18 United States Codes, I think it was Section 876. Michael Bancroft Oh. Justice Breyer Remember that? Michael Bancroft That was a different statute. Justice Breyer I know, but I wasn't in a very similar situation. Didn't they broadly interpret it? Michael Bancroft Yes, Your Honor. Justice Breyer What's wrong with that? Justice Breyer And there it was communication to an official. Michael Bancroft Yes. Justice Breyer It was covered by 1114, and they say it's covered. And that was, I don't think even mentioned in the briefing, but you've also got the Federal Bribery Statute, which is 201A1 defines public official to mean an officer or employee. Michael Bancroft That's correct, Your Honor. We also have a different statute in the same subchapter, the same chapter of the Crimes 111, where they also cross-reference Section 1114, but they use different language in getting to that cross-reference, and they specifically describe any person, a very, very broad term or phrase as opposed to where we are in 115, where it only is official and not... Justice Breyer Does it say any person engaged in official duties again? I think it does. Michael Bancroft Yes, it does. You also have to be engaged in official duties. But they have to be doing official duties. Justice Breyer But the word person itself is much broader than what I am suggesting is the correct interpretation of official. Michael Bancroft Aren't the two intertwined, though? Wasn't there this whole history that the government was telling us about? Justice Breyer That would be for the Court to conclude, Your Honor. I think that's my argument, if you have no further questions. Michael Bancroft Thank you. Justice Breyer Thank you. Michael Bancroft Mr. McKeon? Ms. McKeon Yes. Michael Bancroft As you're coming up, I think I said Ms. McKeon when you were walking in. I know a Judge Mark McKeon on the Ninth Circuit. So I apologize for mispronouncing your name. Ms. McKeon Oh, that's quite all right, Your Honor. McKeon. McKeon is fine. May it please the Court, Bernadette McKeon for the government. I don't know how to say my own name right now. Justice Breyer It's okay. My name was misspelled for years in papers as a kid. And then all of a sudden, I was about 12 years old. I did something good in baseball. And my mother got upset that they misspelled my name. And the person at the paper kept saying, but we spelled it that way for years. How come it was wrong? Justice Breyer You had trouble with people spelling your name.  You should have my name. McKeon They spelled Ambrose, A-M-B-R-O-S-E. And I never said anything. And I knew I was. Justice Breyer My wife still gets mine wrong. We've been married for like 20 years. Justice Breyer Go ahead. Ms. McKeon I'll start over again. May it please the Court. Justice Breyer Yes. Ms. McKeon The government agrees with Judge Ambrose and Judge Van Antwerpen's interpretation of Section 115 that the reference to an official whose killing would be a crime under Section 1114 has to be defined by reference to Section 1114. 1114 does not use the word official other than in terms of describing somebody performing their official duties. Instead, it uses the terms officer and employee. Justice Breyer Now, if we agree with you, do we vacate the judgment of acquittal on Count 3, that is as to Crystal Robinson, rather than reverse given that Mr. Bancroft raised two additional grounds regarding Count 3 that the district court did not address? Ms. McKeon I believe you would vacate, Your Honor, the conviction because she would be a qualified employee for purposes of the statute. The district court did not address it, nor was it pursued on appeal, the other grounds. So I think because it's not pursued on appeal, that those issues are no longer germane to the resolution. Justice Breyer How do you respond? I mean, I think your adversary makes a pretty good argument about one of the adjoining statutory provisions, how it references Section 1114, but before that says a person designated. Ms. McKeon Yes, well, Section 111, the assault statute. Justice Breyer Right. Ms. McKeon And the history of Section 111 and Section 1114 were part of the same legislation. When they were first enacted in 1934, they were part of the same act. And Section 1114 was Part 1. Section, what's now the assault statute, was Part 2. And at that point, it simply said, we incorporate the persons covered by. And at that term, I think they did use the term officers covered by Part 1. When in 1948, when Congress separated the two statutes and recodified them, it made sense that they just tracked their earlier language and said, we're just incorporating those persons. Now, Section 115, on the other hand, has an entirely different genesis. It wasn't enacted until 1984. And even then, at the time, it was only intended to protect family members, not the actual government employees. In 1986, it was amended to include the actual government employees. And at that point in time, and this gets to Mr. Dreyer's point about superfluous language in Section 115. Roberts Well, hold on now. There's another section that you didn't cite in your brief. It's 18 U.S.C. Section 119. That's a 2-year-old statute. And it refers to, it defines a covered person as an individual designated under Section 1114. Now, is the point. If Congress were to redraft Section 115 now, it would use different language, either person or individual. But the point is, in 1986, when they did amend it and include federal employees, Section 1114, at that point, had that lengthy list of government officers. It didn't when they enacted Section 119. No. Section 119, if that is a. . . 18 U.S.C. Section 119. And I apologize, Your Honor. That's okay. I don't mean to throw you a curveball. But, I mean, doesn't that say Congress can define it a certain way when it wants to? It certainly can. And my point is, in 1986, when they did define it, in 1996, when Section 1114 was amended to include all officers and employees, Congress could have gone back and amended Section 115, either to eliminate the other categories of persons or not. But there was no need to because it so clearly incorporated all of those persons covered by Section 1114 as long as they were performing their official duties. And that is the key point, that the term official there, when you go through all of the principles of statutory construction and you look at the statutory language as a whole and in context, you have to define official in Section 115, which contains no other definition of the term official by reference to Section 1114. And Section 1114 makes it clear that all employees have official duties. The janitor has official duties. What Section 115 does, it has additional requirements that have to be met. So Judge Bailson's concern with the janitor was perhaps misplaced because the janitor would only, a threat against the janitor would have to be a threat directed at him to interfere with the performance of his job. Is that likely? No. It's more likely to occur to higher level people than a janitor, but it could occur. So there are other limitations within Section 115, which ensure that it is only applied when the threat is directed to the performance of the person's official duties as set forth in Section 114. I don't even think there's a need to get to the legislative history, but that SCAMP legislative history, the 1983 report, confirms that they meant to extend coverage to all persons who were covered by Section 1114. The word person covered or designated 1114 is used in 18 U.S.C. Section 111. That's correct. Which makes it a crime to, quote, forcibly assault, oppose, impede, intimidate, or interfere with any person designated in Section 1114. The use of the word person makes it easy to believe that, yes, it is officers and employees. When you use the word officials, because we sometimes understand official in another context, it does to a lot of people sound like an officer. I would say that the term official, if you view it in isolation, used in this context, is somewhat ambiguous. And that's why you have to go to Section 114 and define it through Section 114. And that's what the principles of statutory construction tell us to do. The plain meaning of a statute is ordinarily many times not conclusively determined by the provision at issue, and the other important point is that the courts must look to the purpose and object of the statute. And when that is done here, and I think the best description of this that I have read was a statement by Learned Hand, who said that courts should look first to the words of the statute, but should not make a fortress out of the dictionary, but remember that statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meaning. Parenthetically, you usually see that hand quote in somebody's dissent. I hope not here, but I think here that when you do look to the purpose, an obvious purpose and object of the statute is to protect federal employees from job-related threats of harm. And the contrary result, that it's only meant to protect some certain undefined subset of high-ranking officials, makes no sense, because what it would do would be to say that it would leave, first of all, unprotected, the very employees who probably are most likely to be threatened. And those are the people who work for Social Security, but the VA, IRS, who are on the front lines, who deal with the public all the time, they would not be protected from threatening conduct. There would be no federal remedy for that. Yet, if it escalated to the point of an assault, then it would be protected. It just doesn't make sense. It defies logic and everything else to say that just in this instance, every federal employee is protected from assault. Every federal employee is protected, of course, from being murdered. But to threaten that conduct, there's no federal remedy for that. And that just – Congress could not have intended that. And I think when you factor in the purpose, the obvious purpose and object of the statute, along with the statutory text and even the legislative history, it is absolutely clear that Section 115 was intended to cover all employees. Now, Fenton's been out there for 12 years. Isn't that, since there's no circuit court opinion, isn't that the common understanding of how you proceed with regard to indictments here, that you have officials, meaning officers, currently? Or how do you – is it just in the district? No, Your Honor, as a matter of fact, I think the absence – Just in the Western District, or where? I think the absence of any – even district court decision. We have Fenton. Fenton is on the court. We have Fenton, but in the 10 years between Fenton and Judge Belson's decision in this case, no other court followed Fenton. No other defendant raised it as a defense. It's out there. And yet the courts – and I think it's illustrated by – there's not a lot of published cases dealing with it, but there have been cases that have gone forward elsewhere, and in this district, where we have prosecuted people who were comparable in positions to Ms. Tonick and Ms. Robinson. Not a janitor, certainly, but where there have been threats made to these people, and no one has raised a question about it. I think it demonstrates the opposite, that the statute – there was no confusion about the statute. That's why Congress never went back and fixed the language in any way. There really is no confusion out there as to the scope of the statute. There's Fenton, but there's no other – there would be – if a district court followed that opinion, there would likely be a record of that. You would think, looking at it, there would have to be some confusion because it's a comprehensive opinion. It is a comprehensive opinion, and it's a very thorough – I don't know whatever happened to the judge who wrote it, but – He's probably on a higher court. I don't know. See, I mean, you're with the Department of Justice. I mean, is this routinely charged this way, threats charged this way? Threats are – I wouldn't say there are a lot of cases, and I couldn't give you numbers, but I know we have prosecuted comparable cases in this district involving employees comparable to Ms. Tonick and Ms. Robinson. And the fact is it just hasn't been raised as a defense? It just has not been raised, and it's been out there. And, you know, the defenders, certainly, they don't miss these kind of issues. So it is curious that it hasn't been raised, and I think it's because most people have preceded a normal belief that it does cover all federal employees from threats. It's the common-sense position. It's supported by the statute. It's supported by the legislative history, and that Fenton's simply an outlier, and that's why no other courts have followed it. One other point – Although, I don't know if it's an outlier. It's maybe one of the few things out there. It is one. I would agree. Judge Bailson – It's not an outlier from a majority that's significantly the other way because there doesn't seem, as Judge VanCorpen noted, there just isn't much that we have found. That's correct. There is not a lot out there, but it is the sole opinion finding that way. And given the length of time that passed before the Fenton decision came out, after the enactment of the statute, and since that time, the conclusion we draw is that the statute is clear. The scope of the statute is clear, and it extends to most federal employees, but the threat has to be related to their job performance, and that's perhaps why we don't see a lot of litigation on this issue. A district judge makes a rule for a particular case only. A circuit judge makes a rule for a circuit. Yes. One other point I want to make about the alternative position, whether it's Fenton or the position adopted by the district court in this case, is that what that does, it actually creates an ambiguity and uncertainty as to the scope of the statute because there's no definition of official that you can turn to. And both of those courts came up with different definitions, and what we do then is we have judges, district court judges, coming up and creating their own definitions of official. It's time for us to speak on it. I don't disagree. Do you know any inkling as to what happened from pretrial when the decision was going the other way to at trial? Well, actually, Judge Bailson, when he denied the motion to dismiss, had indicated at that point his preliminary ruling, he said it wasn't final, was that he believed at that point that it did cover all federal employees, and we proceeded at trial on that basis in terms of developing the record. Okay, I won't go into it. That's fine. I had a few other points I can make on this issue. As I said, I think the alternative construction is one that is troubling because it does create an ambiguity and uncertainty and leaves courts guessing at the meaning of official. Principles of federalism, that was something that the Fenton court criticized and said, and I think it actually supports the conclusion that it covers all federal employees. In the sense that – Excuse me one minute. Do we want to go down the record? I think we received a pro se brief in this. Good point. We want to notify them that we got that. Yeah, I'll do it. It's another issue. When Mr. Dreyer gets up, we'll mention that. Well, in terms of federalism, there is a strong federal interest in protecting government workers and federal function, and that's something I think that gets lost in the mix. And, for example, the legislative history of Section 111 emphasized the need to protect federal function and also to provide a federal form because state forms were inadequate to prosecute assault cases. If they're inadequate to prosecute the assault cases, they're certainly inadequate to prosecute threats to assault. And I will, unless the court has any other questions. No, thank you very much. Mr. Dreyer, one of the things as you were coming up, just to note that we had asked the appellant, Mr. Bancroft in this case, if he wished to file anything. He had until June 2 to do so, and he did file a supplemental brief on June 2. That is correct, Your Honor. I have a copy of that. We have a copy as well, and we will take it under consideration in determining this matter. Just a couple comments. Ms. McEwen said that it defies logic that some federal employees would be covered by the statute under my interpretation but not others. But then you can also argue it defies statute that the original genesis of this statute was to protect the family members of high government officials and not the government officials themselves from threats. Yeah, but that was later rectified. Yeah, but I guess the implication is that— the family members but not the actual persons who are working for us. But 435 people went through that process, and no one brought it up until years later. So that defies logic. I'm just saying that Congress, the implication being that Congress sometimes defies logic. That's why you don't. Are you asking us to take judicial notice of that? Let the record reflect you said that. I didn't say that. And secondly, we have in one statute the word individual with reference to 1114 and another statute person in reference to 1114. 1114 itself talks about officer and employee. The statute in question talks about official. If this is not ambiguous, we wouldn't be here but for the fact that it's ambiguous. And obviously the sole district court judge who ruled on it, so I would think that the rule of lenity must be applied in this case. And basically any ambiguity in a statute must be construed against the government. The rule of lenity applies when you have a very significant ambiguity that has gone your way for a long time. But to get there, you not only have to look to the words of the statute but you also have to look to the context in which it's applied with regard to other provisions of the criminal code. You look to legislative history and a host of other things. I'm not so sure that the rule of lenity would fit here.  Thank you. Thank you both, counsel. We'll take the matter under advisement and recess.